IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| HARLEY R. MANTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-4249-SSA-CV-C-MJW |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Harley R. Mantle seeks judicial review,[1] of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on April 30, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

whether existing evidence is substantial, we consider evidence that detracts from
the Commissioner's decision as well as evidence that supports it. As long as
substantial evidence in the record supports the Commissioner's decision, we may
not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

### Discussion

Plaintiff was born on November 6, 1982, and has a 9th/10th-grade education. Plaintiff asserts he was in special education classes while in school. Although plaintiff has worked, his income has never been substantial enough to qualify as past relevant work. Plaintiff filed an application for Social Security disability under Title II of the Act on March 9, 2009. Plaintiff filed a second application for SSI benefits under Title XVI on March 19, 2009. Although plaintiff's applications allege an onset date of January 1, 1999, his date first insured is July 1, 2001, and that is the earliest onset for Title II purposes. Plaintiff's date last insured for Title II purposes is September 30, 2005. The relevant date for the Title XVI claim is the filing date of the application, which was March 19, 2009.

Plaintiff's applications were denied initially by the Social Security Administration, prompting plaintiff to request a hearing. A hearing was held before an Administrative Law Judge (ALJ) on April 28, 2010. On June 24, 2010, the ALJ issued a decision concluding that plaintiff was not suffering from a disability as defined by the Social Security Act. The Appeals Council subsequently denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner.

The ALJ's decision concluded that plaintiff had not engaged in substantial gainful activity since his alleged onset date. The ALJ found plaintiff had the severe impairments of asthma and depression. The ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform both light and sedentary work, except with nonexertional impairments. The ALJ determined that plaintiff should avoid concentrated exposure to temperature extremes, humidity and fumes; and should not work with the general public. The ALJ determined that plaintiff was able to carry out short and simple instructions; could adapt to most changes in the work place; could make simple work-related decisions; and could relate to authority figures and coworkers. The ALJ determined that, considering plaintiff's age, education, and work experience and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. The ALJ determined that plaintiff has not been under disability, as defined by the Social Security Act, through the date of the ALJ's decision on June 24, 2010.

Plaintiff alleges the ALJ erred in not finding that plaintiff's impairments met listing 12.05. Plaintiff alleges his verbal IQ score was not specifically addressed by the ALJ, and that this IQ score, in conjunction with his other severe impairments, meets the listing of 12.05. Plaintiff made an additional argument at the hearing that was not in his brief. Plaintiff argued that even if the Court determined that he did not meet listing 12.05, the ALJ erred in not soliciting the expert testimony of a vocational expert to opine as to the effect of plaintiff's nonexertional impairments on his ability to work. Plaintiff seeks the Court to reverse the decision of the ALJ and award him benefits. Plaintiff, alternatively, seeks the Court to remand the case to the ALJ for further development of the record on the issue of his mental health.

The Commissioner argues that plaintiff's mental impairment did not meet the listing of 12.05 mental retardation. Specifically, the Commissioner argues that in order to meet this listing, plaintiff must satisfy three distinct elements: (1) mental retardation, i.e., significantly sub-average general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; (2) a valid verbal performance, or full-scale IQ score in the range specified by Listing 12.05C; and (3) a physical or other impairment that is severe within the meaning of 20 C.F.R. §§ 404.1520(c) and 416.920(c). The Commissioner argues the ALJ properly found the evidence of record suggests a level of adaptive functioning that is inconsistent with the deficits of adapting functioning required to satisfy the first element of the listing.

As to plaintiff's new argument raised at the hearing, that a vocational expert should have been consulted, the Commissioner argues that such consultation was not necessary. Further, the Commissioner argues that, at most, such failure would support a remand for reconsideration of plaintiff's claim of disability, and not an award of benefits.

Upon review, this Court finds there is not substantial evidence in the record to support the ALJ's decision that plaintiff does not meet listing 12.05 beginning in May 2009. In May 2009, the record shows plaintiff had IQ scores of 66 (verbal), 69 (overall) and 78 (performance), and that he suffered from the severe impairments of asthma and depression. These facts establish elements two and three of listing 12.05. As to element one of listing 12.05, there is insufficient evidence in the record to make a determination. It is unclear whether Dr. Markway's assessment of moderate impairment in adapting to his working environment qualifies as "deficits in adaptive behavior" required to fulfill element one of the listing.

There is substantial evidence, however, to support the ALJ's finding that plaintiff was not under disability between the dates of July 1, 2001, and September 30, 2005, the dates during which plaintiff was insured for Title II purposes. This is because there is no medical evidence in the record as to these dates. Therefore, the only relevant dates for purposes of determining whether plaintiff meets the elements of listing 12.05 are those relevant to plaintiff's Title XVI application, which was filed in March 2009. For purposes of an SSI claim under Title XVI, a claimant is not eligible for benefits prior to the date he filed his application.

**Conclusion**

After carefully reviewing the record, this Court affirms the decision of the ALJ which determined plaintiff was not disabled between the dates of July 1, 2001, and September 30, 2005, and therefore, is not entitled to Title II benefits. This decision is supported by substantial evidence in the record.

This Court finds that the administrative record is not sufficiently developed to make a determination as to whether plaintiff was disabled at the time he filed his application for SSI benefits under Title XVI on March 19, 2009. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This case is, therefore, remanded for further development of the record. Further medical evidence in the form of additional psychological evaluations should be obtained. Such consultive psychological evaluation(s) are to include specific evaluation of plaintiff's deficits in adaptive behavior and his IQ, as well as any further information or assessments that will be helpful in making the determination as to whether plaintiff meets listing 12.05. If these additional psychological evaluations lead the ALJ to again conclude that plaintiff does not meet listing 12.05, the ALJ should employ a vocational expert to opine as to what effect plaintiff's psychological, nonexertional impairments have on his ability to work.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed, in part, and reversed and remanded, in part. It is further

ORDERED that the decision of the Commissioner finding plaintiff was not suffering from a disability under Title II is affirmed. It is further

ORDERED that the decision of the Commissioner finding plaintiff was not suffering from a disability under Title XVI is reversed, and this case is remanded on this limited issue, pursuant to Sentence 4, for further consideration and development of the record as set forth herein.

Dated this 8th day of May, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge